FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICKY VILLALOBOS,<br><br>Defendant. | No. 4:24-CR-06018-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING AND ALL RELATED DEADLINES<br><br>**ECF No. 181** |
|---|---|

Before the Court is Defendant's Motion to Continue Sentencing and All Related Deadlines, ECF No. 181. Defendant requests additional time to prepare for sentencing. Counsel for the United States does not oppose the continuance request. *Id.* at 1. The Court has reviewed the record and finds good cause to grant the request.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Continue Sentencing and All Related Deadlines, **ECF No. 181**, is **GRANTED**.

ORDER - 1

1    2. **Sentencing Hearing**: The sentencing hearing set for **November 13,**

2  **2025**, is **STRICKEN** and **RESET** for **March 19, 2026,** at **3:30 p.m.,** in **Richland**.

3      a. **Continuance Requests**: Any requests to continue the sentencing

4        hearing **must (1)** demonstrate extraordinary circumstances, **(2)** be

5        made by written motion, **(3)** indicate the positions of the opposing

6        party and the U.S. Probation Officer on the continuance, and **(4)** be

7        filed **at least three weeks** before the scheduled sentencing hearing.

8        Any objections to the requested continuance shall be filed no later

9        than 3 days after the motion to continue is filed.

10      b. Unless and until a requested continuance is granted, counsel should

11        presume that the sentencing hearing will proceed as scheduled and

12        prepare accordingly.

13    3. **Custody**: Defendant shall remain in the custody of the U.S. Marshals

14  Service pursuant to the detention order previously entered in this matter. ECF No.

15  90. **If a sentence of incarceration is imposed, Defendant <u>shall remain in the</u>**

16  **<u>custody of the U.S. Marshals Service.</u>**

17    4. **PSR**: The United States Probation Office shall prepare a Presentence

18  Investigation Report (PSR) pursuant to Fed. R. Crim. P. 32(c).

19

20

ORDER - 2

5. The Probation Officer previously disclosed the draft PSR to Defendant, counsel for Defendant, and the United States. Disclosure of the PSR is subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

6. **Objections to PSR**: By the date set forth in the chart below, counsel shall **file any PSR objections** as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph. If an objection is filed, the Probation Officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

7. **Final PSR**: The Probation Officer shall submit the final PSR to the Court by the date set forth in the chart below. The PSR shall be accompanied by an addendum setting forth any objections counsel made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than the sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for Defendant and the United States, and that the addendum fairly states any remaining objections. Except with respect to any written objection made as required above, the PSR and computations shall be

ORDER - 3

accepted by the Court as accurate.  Upon a timely objection by Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level.  The Court, however, for good cause shown, may allow that a new objection be raised at any time before the imposition of sentence.  In resolving any disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, Defendant, or the United States.

Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Fed. R. Crim. P. 32.  The PSR shall be deemed to have been disclosed when the PSR is docketed on CM/ECF.

8. **Sentencing Memos/Motions**: By the date set forth in the chart below, counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.

    a. Initial sentencing memoranda are limited to 20 pages, absent prior permission from the Court to file an overlength memorandum.

    b. Counsel shall utilize the following format when preparing initial sentencing memoranda:

        I.    Offense Level & Criminal History

        II.   Departures

        III.  18 U.S.C. § 3553(a)

  c. Under Section I. Offense Level & Criminal History, counsel shall discuss whether the PSR's Total Offense Level calculations (not including departures) and Criminal History calculation are correct or incorrect, providing legal authority for the party's position.

  d. Under Section II. Departures, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position.

  e. Under Section III. 18 U.S.C. § 3553(a), counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553(a).

  e. **Failure to file and serve sentencing materials by this date, to include motions for upward or downward departure, will be deemed a waiver of the right to do so.**

9. **Responses**: By the date set forth in the chart below, the opposing party shall file and serve its response, limited to no more than seven (7) pages.

10. **Safety Valve**: If Defendant intends to qualify for the safety valve, the parties must conduct a safety valve interview to determine if the Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) by the date set forth in the chart below.

ORDER - 5

11. **Witnesses/Exhibits**: If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court by the date set forth in the chart below.

12. **Duration**: Sentencings shall be scheduled for a total of **45 minutes**. If counsel believes that the sentencing hearing will last longer than 45 minutes, counsel shall notify Chambers by the date set forth in the chart below to ensure that sufficient time is scheduled.

13. **Summary of Deadlines**

| | |
|---|---|
| Deadline for Defense Counsel to Attend PSR Interview: | **Completed** |
| Draft PSR disclosed: | **Completed** |
| **PSR Objections filed:** | **February 25, 2026** |
| **Final PSR filed:** | **March 9, 2026** |
| **Motions to Continue Sentencing filed:**     Objections to Continuance filed: | **February 26, 2026** **3 days after motion filed** |
| Safety-Valve Interview Conducted: (if applicable) | **February 26, 2026** |
| **Sentencing Motions & Memoranda filed:**     Responses filed: | **March 4, 2026** **March 12, 2026** |
| Deadline to notify Chambers if sentencing will require more than 45 minutes: | **March 12, 2026** |
| Witness Lists/Exhibit Lists filed: | **March 12, 2026** |
| **SENTENCING HEARING** | **March 19, 2026** **3:30 p.m. - Richland** |

ORDER - 6

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED October 24, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 7